**Rachel Marie SMITH, by her parents Terrell Smith and Michelle Smith, Plaintiff–Appellant,**

v.

**BAPTIST HEALTHCARE SYSTEM, INC.; Louis R. Kirtley, M.D.; Arthur H. Isaacs, M.D.; and Douglas Mitchell, M.D., Defendants–Appellees.**

No. 00–5365.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before BOGGS and SUHRHEINRICH, Circuit Judges; CLELAND,* District Judge.

## I.  BACKGROUND

CLELAND, District Judge.

This appeal arises out of a medical malpractice action brought by Plaintiff–Appellant Rachel Marie Smith through her parents Terrell and Michelle Smith against Defendants–Appellees Baptist Healthcare System Inc. ("Baptist Hospital"), Louis Kirtly, M.D., Arthur H. Isaacs, M.D., and Douglas Mitchell, M.D. The complaint alleges that, in February 1990, Appellant's biological mother was admitted to Baptist Hospital for delivery, and that during labor and delivery she was not properly evaluated or monitored.  It is further alleged that, as a result, Appellant suffered from prolonged severe in-utero hypoxia, which, left undiagnosed and untreated, led to cerebral palsy and permanent disability.

■  A series of delays and late filings followed Appellant's commencement of this action on June 27, 1997.  The district court initially ordered that all expert identification under Federal Rule of Civil Procedure 26(a)(2) be completed by February 1, 1998. Due to financial difficulties of Appellee Mitchell's insurance carrier, however, the district court stayed proceedings for a period of ninety days retroactive to December 15, 1997.  After the stay expired, over fifteen months elapsed with no expert witness disclosure from Appellant.  Accordingly, in late June 1999, the district court issued an amended scheduling order setting October 1, 1999, as the deadline for identifying experts in compliance with Rule 26.  Once again, neither a disclosure nor a request for extension of time was filed with the court.  Shortly thereafter, each of the Appellees moved for summary judgment, arguing that, with no expert testimony to support her claims, Appellant could not establish a *prima facie* case of medical malpractice.[1]  Appellant responded by requesting a Rule 56(f) extension of time for additional discovery.

Exhibiting a great deal of patience, the district court ruled in Appellant's favor, extending the disclosure deadline until December 13.  Appellant finally filed on December 16.  Even then, she designated Doctor Newton Osborne, M.D. as her expert, listed his experience and the data he had reviewed, and then simply stated that Osborne was expected to opine that "the defendant physicians and hospital herein deviated from the applicable standards of

---

* Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Under Kentucky law, which governs the substance of this case, "expert testimony is necessary to establish negligence in medical malpractice cases, unless the negligence was so apparent that laymen with general knowledge would have no difficulty in recognizing it." *Maggard v. McKelvey*, 627 S.W.2d 44, 49 (Ky.Ct.App.1981).  No claim has been made that this case does not require expert testimony.

care, and that such deviations from the standards of care resulted in injuries and disabilities to Rachel Marie Smith." No mention was made of publications authored by the proposed expert, the compensation that would be paid, or other cases in which the expert had testified. Most significantly, however, was the disclosure's failure to include "a complete statement of all opinions to be expressed and the basis and reasons therefor," as is required under the Rules. Fed.R.Civ.P. 26(a)(2)(B).

Based on the absence of any specific expert testimony, Appellees renewed their motions for summary judgment. Appellant neither responded to the motions nor amended her disclosure, choosing instead to let the case proceed on the information already presented. Thus, in ruling on the motions, the district court had no choice but to grant summary judgment:

> After two years of litigation, Defendants still lack knowledge of what conduct in particular is challenged. Defendants are entitled, at a minimum, to the expert's opinions and his basis for those opinions. Counsel's purported disclosure does not provide this kind of information. Without such knowledge, it would be unfair to expect Defendants to defend this suit. The Court may have been able to look past Plaintiffs' failure to provide the expert's publications, compensation for testifying and past testimony, but the absence of any signed report stating a specific opinion renders proceeding impossible.
> The Court has given Plaintiffs more than enough opportunity to satisfy Rule 26. [FN3: Plaintiffs' counsel had adequate notice that the responses did not comply with Rule 26. Defendants' counsel immediately wrote Plaintiffs' counsel that the interrogatory responses were inadequate. Counsel has made no response.] The proof is now closed. Plaintiffs' expert testimony as submitted

must be excluded. Even if considered, it is clearly an insufficient basis upon which a reasonable jury to [sic] find for Plaintiffs. At this point, the Court assumes that the absence of proof reflects the evidentiary reality of this case rather than any failure of counsel.

(02/18/2000 Order at 2–3; J.A. at 108–09.) This appeal followed.

## II. STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed on appeal *de novo*. *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir.1990). Under Rule 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

## III. DISCUSSION

■ Appellant's sole argument on appeal is that the district court erred by granting summary judgment under Rule 56, based on the absence of a genuine issue of material fact, rather than analyzing Appellees' motions as requests for sanctions under Rule 37. In support of its argument, Appellant cites to this court's decision in *Freeland v. Amigo*, 103 F.3d 1271 (6th Cir.1997).

This case, however, is easily distinguishable from *Freeland*. In *Freeland*, the summary judgment decision could not be isolated from, but was a direct result of,

the district court's simultaneous decision to sanction the plaintiffs by precluding their expert testimony. *Id.* at 1276. There was no contention in *Freeland* that the plaintiffs were unable to set forth facts sufficient to sustain their claim of medical malpractice. Indeed, in granting summary judgment, the district court never addressed the merits of the plaintiff's claims. Rather, summary judgment was deemed appropriate on the sole ground that the sanctions barred consideration of the expert testimony, which, if not barred, might have created a genuine issue of material fact. Under such circumstances, it was proper for this Court to treat dismissal of the case as a sanction under Rule 37 rather than a grant of summary judgment.

Here, to the contrary, although the district court did strike Appellant's expert disclosure, it also unambiguously stated that, regardless of the sanction, summary judgment was inevitable:

> Even if considered, [the expert testimony] is clearly an insufficient basis upon which a reasonable jury [could] find for Plaintiffs. At this point, the Court assumes that the absence of proof reflects the evidentiary reality of this case rather than any failure of counsel.

(02/18/2000 Order at 3; J.A. at 109.)

As is clear from the district court's order, the absence of a genuine issue of material fact resulted not from the court's having stricken the disclosure document, but from Appellant's failure, despite abundant opportunity, to present any evidence in the first place. Although knowing that her claim could be lost for want of sufficient evidence, Appellant never responded to the motions for summary judgment or otherwise presented any evidence of facts sufficient to support her claim. Indeed, to this day, she has alleged no facts that could carry this case to trial.

## IV. CONCLUSION

Appellant's case was not dismissed under Rule 37. Rather, the district court properly granted a Rule 56 summary judgment based on Appellant's failure to present any evidence in support of her claim. On appeal, Appellant has not demonstrated that the district court overlooked any genuine issues of material fact. Accordingly, the district court's judgment is AFFIRMED.

